**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DAN NAPIER and DANA NAPIER** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:11-cv-736** |
| **BEXAR COUNTY, TEXAS;** | § | **JURY TRIAL** |
| **JAMES HUTMACHER,** *Individually and* | § | |
| *In his Official Capacity***; and JOHN DOE,** | § | |
| *Individually and in his Official Capacity* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COME Plaintiffs, Dan Napier and Dana Napier, filing this, their *Plaintiffs' Original Complaint*, and bringing this action against Bexar County, Texas, James Hutmacher, *Individually and in his Official Capacity*, and John Doe, *Individually and in his Official Capacity*, as said Defendants, jointly and severally, have denied Plaintiffs their rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).  This court also has supplemental jurisdiction pursuant to 28 U.S.C.S.  § 1367 to hear the state claims that will be set forth in this complaint.  Venue is proper in the Western District of Texas, San Antonio Division, as this is the district where the claim arose in accordance to 29 U.S.C.§  1391(b).

## PARTIES

2.     Plaintiff Dan Napier is a resident of Las Vegas, Nevada.

3.     Plaintiff Dana Napier is a resident of Las Vegas, Nevada.

4.      Defendant Bexar County, Texas, (hereinafter "Defendant Bexar County"), is a political subdivision of the State of Texas and can be served with summons upon Bexar County Judge Nelson Wolff, 101 W. Nueva, 10th Floor, San Antonio, Texas 78204.

5.      Defendant James Hutmacher, (hereinafter "Defendant Hutmacher") was, at all times material to this suit, an officer employed by the Bexar County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Bexar County Sheriff's Department Defendant may be served with summons at his place of employment, Defendant can be served with summons at the BEXAR COUNTY SHERIFF'S DEPARTMENT, 200 North Comal San Antonio, Texas 78207.

6.      Defendant John Doe was, at all times material to this suit, an officer employed by the Bexar County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Bexar County Sheriff's Department Defendant may be served with summons at his place of employment, Defendant can be served with summons at the BEXAR COUNTY SHERIFF'S DEPARTMENT, 200 North Comal San Antonio, Texas 78207.

## FACTS

7.      Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or

2

representatives.

8.      On or about November 22, 2010, Plaintiffs, who were in town for a funeral of their grandmother, were invited to the Spurs game as guests of the Spurs Organization.  After they had already left the Will Call window and picked up their tickets, Dana Napier realized that they had forgotten their locker room passes.  Dan Napier decided to wait while his brother returned to the Will Call window to pick up the passes.  While Dan Napier was waiting, a sheriff's deputy approached him and accused him of being a ticket scalper.  Dana Napier informed the officer that he was not a ticket scalper and that he was just waiting for this brother who had returned to the Will Call window.  Thereafter, Defendant Hutmacher approached the scene and insisted that Dan Napier was scalping tickets, to which Dan Napier once again explained that he was merely waiting for his brother to return and that he was not a ticket scalper.  At that time, Dana Napier approached his brother and asked what was going on.  The pair then began to walk towards the arena knowing that they did nothing wrong.  As they started to leave Officer Hutmacher then took his forearm and slammed it in to the chest of Dan Napier.  At this egregious conduct, Dana Napier told Defendant Hutmacher "hey you just hit my brother for no reason."  Defendant Hutmacher replied "he hit me."  Defendant Hutmacher - wanting to show his authority - then turned to Plaintiff Dan Napier and told him he was under arrest, turned him around and placed him in handcuffs, while Defendant John Doe handcuffed Plaintiff Dana Napier, roughly pulled his arm and hyperextended his wrist.  Both Plaintiffs were astonished that they were being arrested without probable cause and questioned the officers as to why they were being arrested and pointed out that during no time did the Defendants ask for a name or any other identifying information from either Plaintiff.  Plaintiffs tried to explain that they were guests of the Spurs Organization but their pleas fell on deaf ears.  This line of questioning  obviously

3

irritated the Defendants so they began to squeeze the handcuffs tighter on both Plaintiffs.  When Plaintiff Dan Napier buckled over in obvious pain, Defendant Hutmacher told him "you are making a scene," while smiling and laughing at Plaintiff Dan Napier's cries of pain.  At witnessing this, a female employee from the ticket office approached the scene and informed the officers that Plaintiffs are long time friends and present guests of the San Antonio Spurs and that they were making a mistake.  She then left presumably to inform the Spurs Officials that their guests were being brutalized by Defendants.  While she was gone Defendant Hutmacher continued to squeeze Plaintiff Dan Napier's handcuffs tighter and tighter causing him excruciating pain.  Officer Hutmacher kept telling Plaintiffs that they thought they were "big shots" and taunted them by saying "nah, nah, nah, nah, nah," in a very childish manner.  Finally Plaintiffs were released and were allowed to leave. After they were ushered to their seats and prior to half time the Spurs Organization had Plaintiffs seek medical attention from the team doctor David Schmidt.

9.    Plaintiffs' were never charged with any offense and were released.

10.    As a result of the officers' actions, Plaintiffs sustained numerous injuries to their bodies, including, but not limited to, bruising and abrasions, hyperextended shoulders, sore wrists, arms, and elbows.

11.    Plaintiffs are informed and believe, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

12.    Moreover, the officers' acts amount to an excessive and/or unnecessary use of force.  Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such an attack

4

on any person seized and in the position of Plaintiffs, who were in custody and/or control of law enforcement for no lawful reason.

13.     Furthermore, said excessive force committed against Plaintiffs by said Defendants was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiffs.

14.     At all pertinent times, Defendant Bexar County, Texas (by and though the Bexar County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers.

## FIRST CLAIM FOR RELIEF - - §1983

15.     The allegations contained in Paragraphs 8 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

16.     **Section 1983.** The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

17.     The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

5

18.     42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person

of some privilege or immunity secured by the Constitution or laws of the United States.  As such,

Plaintiffs allege that Defendants, jointly and/or severally deprived them of their Fourth Amendment

rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to

the Constitution incorporated and applied to the states through the Fourteenth Amendment.

Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

> a)     by using excessive force in the course of Defendants' custody of Plaintiffs, in
> violation of the Fourth Amendment and its "reasonableness" standard.  Plaintiffs
> therefore plead that Defendants unlawfully used excessive force upon Plaintiffs.  Said
> actions resulted directly and only from the use of force that was clearly excessive to
> the need, and the excessiveness of which was objectively unreasonable;

> b)     by detaining Plaintiffs in violation of their Fourth Amendment expectation of privacy
> and guarantee to security from unreasonable search and seizure without reasonable
> suspicion and/or probable cause; and

> c)     by failing to intervene, where such intervention would have prevented the violations
> and/or injuries of Plaintiffs.

19.     The Fourth Amendment guarantees security from unreasonable search and seizure.  It

includes the expectation of privacy, the right to be free from arrests without probable cause to believe

the arrested person committed a crime.  Accordingly, Plaintiffs allege that they were subjected to an

unreasonable search and seizure, had their expectation of privacy violated, were detained without

reasonable suspicion and/or probable cause, were subjected to physical abuse and unreasonable

excessive force including the threat of great bodily injury.

20.     **§ 1983 - Excessive Force**.  Plaintiffs plead that Defendants used excessive force and/or

unnecessary force in the course of the officers' supposed arrest, and/or investigatory stop, and/or

other "seizure" of a free citizen, such as Plaintiffs, in violation of the Fourth Amendment and its

"reasonableness" standard.  Plaintiffs therefore plead that they were unlawfully assaulted by Defendants.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

21.    Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation.  Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions.  For these reasons, it is objectively unreasonable for said officers to physically assault Plaintiffs to a point where they suffered physical injuries.

22.    **§ 1983 - Search & Seizure**.  Furthermore, when persons, such as Plaintiffs are seized and are not a "suspect" and have committed no crime, but are forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished.  As such, the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

23.    Likewise, Defendants are liable if they conduct the search or seizure in an abusive manner even if they have the lawful authority to conduct the search and seizure.  Plaintiffs in this situation are protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution.  The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures.  A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the search of Plaintiffs ran afoul of the Fourth Amendment because the search was conducted in an unnecessarily cruel, painful, and/or dangerous manner.  Indeed, Plaintiffs were physically abused by Defendants, whom were detaining Plaintiffs' without a warrant and/or

sufficient justification.

24.   **§ 1983 - Municipal liability.**   It is also well-established that municipalities are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures.  A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, the Bexar County, Texas is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures, excessive force and/or violating their rights to be free of unwanton search and seizure.  Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by Bexar County, Texas, out of which deprived Plaintiffs of their civil rights by statute and by both the Texas and United States Constitutions.  Liability for Bexar County, Texas is established under §1983  because the arrest and assault of citizens, with little or no justification, is a persistent, widespread practice of city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.  Bexar County, Texas, has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating (and/or arresting with no probable cause) citizens establishes custom and accession to that custom by the County's policy makers.  Bexar County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.  In the alternative, the Bexar County is liable under §1983 for failure to adopt a policy precluding officers from beating (and/or arresting with no probable cause) citizens because such failure to adopt such a policy is one of intentional choice.

8

25.    Moreover, Bexar County is liable for inadequate training of police officers under §1983. Liability attaches to Bexar County because the County's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact.  In particular, Plaintiffs allege that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating (and/or arresting with no probable cause) citizens violates citizens' constitutional rights.  As such, the deficiency in training actually caused Defendants to violate Plaintiffs' constitutional rights.

26.    **§ 1983 - Qualified Good Faith Immunity**.  Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual.  The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective.  Defendants' actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law."  The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiffs.  To the extent that credibility questions exist, a fact-finder continues to be necessary.  In the instant case, Plaintiffs allege that Defendants are not entitled to claim "qualified good faith immunity."  Importantly, Defendants never had a good faith belief in their conduct because they acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiffs' civil rights.  When the facts are taken in the light most favorable to the Plaintiffs, it is clear that Plaintiffs were merely on their way to enjoy a Spurs game when they were assaulted, harassed and/or unlawfully detained. Any reason given by Defendants for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity

9

in danger of Plaintiffs.  Plaintiffs have asserted a violation of their constitutional right to be free from unreasonable search and seizure and his right to privacy; this right was clearly established at the time of Defendants' actions.  Moreover, Defendants' actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within their authority or responsibility would violate the constitutional rights of Plaintiffs.

27.     **§1983 - False Arrest and/or False Imprisonment**.  Plaintiffs further allege that Defendants, jointly and/or severally have violated their Fourth Amendment rights when they were unreasonably falsely arrested and/or detained.

28.     Plaintiffs plead a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested Plaintiffs without probable cause.  Defendants did not have probable cause to arrest because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that Plaintiffs had committed or were committing an offense.  On an objective basis, it is obvious that no reasonably competent officers would have concluded that a mere conversation warranted Plaintiffs' arrest.

**SECOND CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment**

29.      The allegations set forth in Paragraphs 8 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the claims brought by Plaintiffs under this section only apply to the individual Defendants Hutmacher and Doe in their individual capacities.  Any reference to "Defendant(s)" in this section only applies to said Defendants and does not include Defendant County.

30.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, willfully detained Plaintiffs

without the consent of them and without authority of law.  Plaintiffs  plead false imprisonment as Defendants had the intent to confine them, and carried out the intent by putting Plaintiffs in a position so that they could not move, let alone leave.  Said confinement resulted in harmful detention, without consent, and without authority of law.

### THIRD CLAIM FOR RELIEF - - Intentional Infliction of Emotional Duress

31.     The allegations set forth in Paragraphs 8 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the claims brought by Plaintiffs under this section only apply to the individual Defendants Hutmacher and Doe in their individual capacities.  Any reference to "Defendant(s)" in this section only applies to said Defendants and does not include Defendant County.

32.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiffs, thereby they claim the tort of intentional infliction of emotional distress.  Plaintiffs allege that the individual Defendants, acted intentionally and/or recklessly when assaulting them and further allege that such conduct was extreme and outrageous. The actions of the individual Defendants caused Plaintiffs to suffer emotional distress; and the emotional distress suffered by them was so severe that it required treatment --  no reasonable person should be expected to endure such.

### FOURTH CLAIM FOR RELIEF - - Texas - - Assault & Battery

33.     The allegations set forth in Paragraphs 8 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.  Furthermore, the claims brought by Plaintiffs under this section only apply to the individual Defendants Hutmacher

11

and Doe in their individual capacities.  Any reference to "Defendant(s)" in this section only applies to said Defendants and does not include Defendant County.

34.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Plaintiffs through uncontested physical contact with Plaintiffs.

35.     Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiffs allege that the individual Defendants committed an assault upon them when they intentionally, knowingly, and/or recklessly forcibly grabbed Plaintiffs and proceeded to assault them.  At no time did Plaintiffs consent.  Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiffs  Said injuries were the direct and immediate consequence of the individual Defendants' wrongful act and a natural and direct result of the assault.

36.     At no time were Defendants privileged to take the action as force was not necessary. Moreover, the individual Defendants' assault and battery of Plaintiffs was not objectively reasonable when balancing the amount of force used against the need for the force.  Put differently, at no time were Plaintiffs fleeing or about to flee, nor was anyone (including Defendants) ever in danger.

## DAMAGES

37.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs have been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional

12

distress.

38.     Said injuries have caused Plaintiffs to incur special damages which include but are not limited to:  past medical expenses, and lost profits.

39.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a  § 1983 case is entitled to recover his attorney's fees.   Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

40.     In addition, Plaintiffs pray for punitive damages against all individual Defendants.  Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore, Plaintiffs allege and pray for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that upon trial of the merits, they recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Plaintiffs pray for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that

13

Plaintiffs recover against each Defendant any and all other general or specific relief to which they

proves themselves justly entitled.

Respectfully submitted,

*Law Offices of*
GALE, WILSON, & SANCHEZ, PLLC
115 E. Travis, Suite 1900
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
E-mail: cjgale@gws-law.com

By: /s/ Christopher J. Gale _____
    Christopher J. Gale
    Southern District Bar No. 27257
    Texas Bar Number 00793766
*Attorney-in-Charge for Plaintiffs*

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).